FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 07, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

STEVIE R. H.,

                          Plaintiff,

    v.

COMMISSIONER OF SOCIAL
SECURITY,

                         Defendant.

NO:  1:22-CV-3159-RMP

ORDER GRANTING PLAINTIFF'S
BRIEF AND REMANDING FOR
ADDITIONAL PROCEEDINGS

BEFORE THE COURT, without oral argument, are briefs from Plaintiff

Stevie R.H..[1], ECF No. 11, and Defendant the Commissioner of Social Security (the

"Commissioner"), ECF No. 15.  Plaintiff seeks judicial review, pursuant to 42

U.S.C. § 405(g), of the Commissioner's denial of her claims for Social Security

Income ("SSI") under Title XVI, and Disability Insurance Benefits ("DIB") under

Title II, of the Social Security Act (the "Act").  *See* ECF No. 11 at 1–2.

---

[1] In the interest of protecting Plaintiff's privacy, the Court uses Plaintiff's first
name and middle and last initials.

ORDER GRANTING PLAINTIFF'S BRIEF AND REMANDING FOR
ADDITIONAL PROCEEDINGS ~ 1

Having considered the parties' briefs including Plaintiff's reply, ECF No. 16, the administrative record, and the applicable law, the Court is fully informed. For the reasons set forth below, the Court grants Plaintiff's request for judgment and remand for further proceedings.

## BACKGROUND

### *General Context*

Plaintiff applied for SSI and DIB in March and April 2019 and later amended her claim to seek a closed period of disability from August 23, 2018, to March 20, 2020. Administrative Record ("AR")[2] 50, 230, 248, and 257. Plaintiff was 27 years old on the amended, alleged disability onset date and asserted that she was unable to work due to: chronic low back pain, degenerative disc disease, arthritis, psoriasis of hands and feet, herniated discs, hip pain, depression, anxiety, and Tourette's syndrome, and post-traumatic stress disorder ("PTSD"). AR 94, 262. Plaintiff's claims proceeded to a telephonic hearing before Administrative Law Judge ("ALJ") Elizabeth Watson on June 29, 2021. AR 37–67. Plaintiff was present and represented by representative Justin Jerez. AR 39. The ALJ heard from vocational expert ("VE") Michael Swanson and from Plaintiff. AR 41–67. ALJ Watson issued an unfavorable decision on August 27, 2021. AR 15–30.

---

[2] The Administrative Record is filed at ECF No. 8.

ORDER GRANTING PLAINTIFF'S BRIEF AND REMANDING FOR ADDITIONAL PROCEEDINGS ~ 2

1

*ALJ's Decision*

2    Applying the five-step evaluation process, ALJ Watson found:

3    **Step one:** Plaintiff meets the insured status requirements of the Act through

4    December 31, 2018.  AR 18.  Plaintiff engaged in substantial gainful activity

5    ("SGA") from March 2020 through the date of the ALJ's decision.  AR 18 (citing 20

6    C.F.R. §§ 404.1520(b), 404.1571 *et seq.*, 416.920(b), and 416.971 *et seq.*).  The ALJ

7    further found that there was a continuous 12-month period during which Plaintiff did

8    not engage in substantial gainful activity and explained that the "remaining findings

9    address the period(s) the claimant did not engage in substantial gainful activity."

10    AR 18.

11    **Step two:** Plaintiff has the following severe impairments that are medically

12    determinable and significantly limit her ability to perform basic work activities as

13    required by Social Security Ruling ("SSR") 85-28: social anxiety disorder; panic

14    disorder; attention-deficit hyperactivity disorder, combined presentation;

15    symptomatic cholelithiasis; multilevel degenerative disc disease; and personality

16    disorder with borderline features.  AR 18 (citing 20 C.F.R. §§ 404.1520(c) and

17    416.920(c)).  The ALJ found that obesity, right carpal tunnel syndrome, and

18    Tourette's syndrome are non-severe impairments for Plaintiff.  AR 18–19.  The ALJ

19    further found that "other specified personality disorder (rule-out)" is a non-medically

20

21

determinable impairment because the record lacks sufficient diagnosis or treatment for this condition.  AR 19.

**Step three:** The ALJ concluded that Plaintiff does not have an impairment, or combination of impairments, that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926).  AR 19.  The ALJ memorialized that she considered listings 1.15, 1.16, 12.04, 12.06, and 12.11.  AR 19.  The ALJ subsequently analyzed listings 1.15 (disorders of the skeletal spine) and 1.16 (for lumbar spinal stenosis) in some detail and found that Plaintiff had not shown that she satisfied the requirements of those listings.

In considering whether Plaintiff's mental impairments are of listing-level severity, the ALJ addressed the "paragraph B" criteria with respect to listings 12.04 (depressive, bipolar, and related disorders), 12.06 (anxiety and obsessive-compulsive disorders), and 12.11 (neurodevelopmental disorder) and found that Plaintiff's impairments do not result in one extreme limitation or two marked limitations in a broad area of functioning.  AR 20–21.

The ALJ found that Plaintiff is moderately limited in: understanding, remembering, or applying information; interacting with others; and concentrating, persisting, or maintaining pace.  AR 20.  The ALJ found that Plaintiff has a mild

ORDER GRANTING PLAINTIFF'S BRIEF AND REMANDING FOR ADDITIONAL PROCEEDINGS ~ 4

1    limitation in adapting or managing oneself.  AR 20.  The ALJ cited to portions of the

2    record in explaining her findings.  AR 20–21.

3        The ALJ also memorialized her finding that the evidence in Plaintiff's record

4    fails to satisfy the "paragraph C" criteria, as "[t]here is no evidence that the

5    [Plaintiff] requires significant psychosocial supports or a highly structured setting, or

6    that she has shown marginal adjustment, defined as minimal capacity to adapt to

7    changes in her environment or daily life."  AR 21.

8        **Residual Functional Capacity ("RFC"):** The ALJ found that Plaintiff can

9    perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), "except

10   lifting and/or carrying 20 pounds occasionally and 10 pounds frequently."  AR 21.

11   The ALJ added further limitations:

12       The claimant is limited to standing and/or walking for about six hours
         and sitting for about six hours in an eight-hour day with normal breaks.
13       The claimant is limited to occasionally climbing of ladders, ropes or
         scaffolds and occasional stooping, kneeling, crouching, or crawling.
14       The claimant is limited to understanding and carrying out simple
         instructions consistent with reasoning level one or two. The claimant is
15       limited to occasional contact with the general public, coworkers and
         supervisors.

16   AR 21.  In formulating Plaintiff's RFC, the ALJ found Plaintiff's "statements

17   about the intensity, persistence, and limiting effects of her symptoms" were

18   "inconsistent because the objective medical findings reveal some limitations, but

19   not to the extent alleged by the claimant."  AR 26.

20

21

ORDER GRANTING PLAINTIFF'S BRIEF AND REMANDING FOR
ADDITIONAL PROCEEDINGS ~ 5

**Step four:** The ALJ found that Plaintiff is unable to perform any past relevant work.  AR 28 (citing 20 C.F.R. §§ 404.1569, 404.1569(a), 416.969, and 416.969(a) and 416.965).

**Step five:** The ALJ found that Plaintiff has at least a high school education and was 23 years old,[3] which is defined as a younger individual (age 18-49), on the alleged disability onset date.  AR 28 (citing 20 C.F.R. §§ 416.1563, 416.1564, 416.963, and 416.964).  The ALJ found that transferability of job skills is not an issue because "using the Medical-Vocational Rules as a framework supports a finding that [Plaintiff] is 'not disabled,' whether or not [Plaintiff] has transferable job skills."  AR 28–29 (SSR 82-41 and 20 C.F.R. Part 404, Subpart P, Appendix 2). The ALJ found that given Plaintiff's age, education, work experience, and RFC, there are jobs that exist in the national economy that Plaintiff can perform.  AR 29. Specifically, the ALJ recounted that the VE identified the following representative occupations that Plaintiff would be able to perform with the RFC: mailroom clerk (light, unskilled work with approximately 101,000 jobs available nationwide); routing clerk (light, unskilled work with approximately 49,000 jobs available nationwide); and photocopy machine operator (light, unskilled work with approximately 18,000 jobs available nationwide).  AR 29.

---

[3] The ALJ referred back to Plaintiff's original onset date of April 4, 2014.

ORDER GRANTING PLAINTIFF'S BRIEF AND REMANDING FOR ADDITIONAL PROCEEDINGS ~ 6

1    The ALJ concluded that Plaintiff had not been disabled within the meaning of

2    the Act since April 4, 2014, and therefore was not entitled to DIB or SSI.  AR 30

3    (citing 20 C.F.R. §§ 404.1520(g) and 416.920(g)).

4    Through counsel, D. James Tree, Plaintiff sought review of the ALJ's decision

5    in this Court.  ECF No. 1.

6    **LEGAL STANDARD**

7    ***Standard of Review***

8    Congress has provided a limited scope of judicial review of the

9    Commissioner's decision. 42 U.S.C. § 405(g).  A court may set aside the

10    Commissioner's denial of benefits only if the ALJ's determination was based on

11    legal error or not supported by substantial evidence.  *See Jones v. Heckler*, 760 F.2d

12    993, 995 (9th Cir. 1985) (citing 42 U.S.C. § 405(g)).  "The [Commissioner's]

13    determination that a claimant is not disabled will be upheld if the findings of fact are

14    supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir.

15    1983) (citing 42 U.S.C. § 405(g)).  Substantial evidence is more than a mere

16    scintilla, but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112,

17    1119 n.10 (9th Cir. 1975); *McCallister v. Sullivan*, 888 F.2d 599, 601–02 (9th Cir.

18    1989).  Substantial evidence "means such evidence as a reasonable mind might

19    accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389,

20    401 (1971) (citations omitted).  "[S]uch inferences and conclusions as the

21

ORDER GRANTING PLAINTIFF'S BRIEF AND REMANDING FOR
ADDITIONAL PROCEEDINGS ~ 7

[Commissioner] may reasonably draw from the evidence" also will be upheld.  *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965).  On review, the Court considers the record, not just the evidence supporting the decisions of the Commissioner.  *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989).

A decision supported by substantial evidence still will be set aside if the proper legal standards were not applied in weighing the evidence and making a decision.  *Brawner v. Sec'y of Health and Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988).  Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive.  *Sprague v. Bowen*, 812 F.2d 1226, 1229–30 (9th Cir. 1987).

***Definition of Disability***

The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last, for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The Act also provides that a claimant shall be determined to be under a disability only if the impairments are of such severity that the claimant is not only unable to do their previous work, but cannot, considering the claimant's age, education, and work experiences, engage in any other substantial gainful work

ORDER GRANTING PLAINTIFF'S BRIEF AND REMANDING FOR ADDITIONAL PROCEEDINGS ~ 8

which exists in the national economy.  42 U.S.C. § 423(d)(2)(A).  Thus, the

definition of disability consists of both medical and vocational components.  *Edlund*

*v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

### *Sequential Evaluation Process*

The Commissioner has established a five-step sequential evaluation process

for determining whether a claimant is disabled.  20 C.F.R §§ 416.920, 404.1520.

Step one determines if they are engaged in substantial gainful activities.  If the

claimant is engaged in substantial gainful activities, benefits are denied.  20 C.F.R.

§§ 416.920(a)(4)(i), 404.1520(a)(4)(i).

If the claimant is not engaged in substantial gainful activities, the decision

maker proceeds to step two and determines whether the claimant has a medically

severe impairment or combination of impairments.  20 C.F.R. §§ 416.920(a)(4)(ii),

404.1520(a)(4)(ii).  If the claimant does not have a severe impairment or

combination of impairments, the disability claim is denied.

If the impairment is severe, the evaluation proceeds to the third step, which

compares the claimant's impairment with listed impairments acknowledged by the

Commissioner to be so severe as to preclude any gainful activity.  20 C.F.R. §§

416.920(a)(4)(iii), 404.1520(a)(4)(iii); *see also* 20 C.F.R. § 404, Subpt. P, App. 1.  If

the impairment meets or equals one of the listed impairments, the claimant is

conclusively presumed to be disabled.

If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work that they have performed in the past.  If the claimant can perform their previous work, the claimant is not disabled.  20 C.F.R. §§ 416.920(a)(4)(iv), 404.1520(a)(4)(iv).  At this step, the claimant's RFC assessment is considered.

If the claimant cannot perform this work, the fifth and final step in the process determines whether the claimant is able to perform other work in the national economy considering their RFC, age, education, and past work experience.  20 C.F.R. §§ 416.920(a)(4)(v), 404.1520(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137, 142 (1987).

The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits.  *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).  The initial burden is met once the claimant establishes that a physical or mental impairment prevents them from engaging in their previous occupation.  *Meanel*, 172 F.3d at 1113.  The burden then shifts, at step five, to the Commissioner to show that (1) the claimant can perform other substantial gainful activity, and (2) a "significant number of jobs exist in the national economy" that the claimant can perform.  *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

### ISSUES ON APPEAL

Plaintiff raises the following issues regarding the ALJ's decision:

1.    Did the ALJ err at step one?

2.    Did the ALJ err in her treatment of medical source opinions?

3.    Did the ALJ erroneously assess Plaintiff's severe, medically-determinable impairments?

4.    Did the ALJ erroneously assess Plaintiff's subjective symptom testimony?

***Step One***

Plaintiff argues that the ALJ erroneously found that Plaintiff began working at SGA levels in March 2020, whereas Plaintiff testified that "she was looking for work but only began to work full-time selling insurance at a place that accommodated her limitations as of March 22, 2021." ECF No. 11 at 4 (citing AR 44–45). Plaintiff acknowledges that she was ready to work by March 2020 but asserts that "even if she had been working SGA as of March 2020, this is not a dispositive finding" given that Plaintiff alleges a closed period of disability from August 23, 2018, to March 20, 2020. *Id.* at 4–5. Plaintiff argues that the "ALJ's errors in the timeline were . . . notable when the ALJ discounted testimony on the basis [Plaintiff] took a trip and 'was doing okay' in May 2020 and was building a job resume in January 2021—both after her alleged closed period had ended." ECF No. 16 at 2 (citing AR 26, 1172, 1188). The Commissioner, in turn, questions "why Plaintiff is arguing this issue" and submits that any error at step one "would be

ORDER GRANTING PLAINTIFF'S BRIEF AND REMANDING FOR ADDITIONAL PROCEEDINGS ~ 11

1    harmless given that the ALJ continued on with her analysis." ECF No. 15 at 3

2    (citing *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012)).

3        Plaintiff appears to raise a merely theoretical argument for error with respect

4    to step one, as she does not provide any authority for reversing the ALJ's decision

5    based on the alleged error. *See* ECF Nos. 11 at 4–5; 16 at 2. Therefore, the Court

6    finds no harmful error at step one of the sequential analysis and proceeds to the other

7    issues that Plaintiff raises.

8        ***Medical Source Opinions***

9        Plaintiff argues that the ALJ failed to properly assess the medical opinions in

10    the record when the ALJ allegedly discounted all opinions rendered on a Department

11    of Social and Health Services ("DSHS") form, ignored relevant medical opinions

12    from treating physician L. Birger, M.D., and by crediting non-examining medical

13    source G. Hale, M.D. ECF No. 11 at 6.

14        The Commissioner responds that the ALJ reasonably evaluated the medical

15    opinions in this matter. ECF No. 15 at 4–5.

16        The Court addresses the ALJ's treatment of the pertinent medical opinions in

17    turn.

18        The regulations that took effect on March 27, 2017, provide a new framework

19    for the ALJ's consideration of medical opinion evidence and require the ALJ to

20    articulate how persuasive she finds all medical opinions in the record, without any

21

1  hierarchy of weight afforded to different medical sources.  *See* Rules Regarding the

2  Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01, 2017 WL 168819 (Jan. 18,

3  2017).  Instead, for each source of a medical opinion, the ALJ must consider several

4  factors, including supportability, consistency, the source's relationship with the

5  claimant, any specialization of the source, and other factors such as the source's

6  familiarity with other evidence in the claim or an understanding of Social Security's

7  disability program.  20 C.F.R. §§ 404.1520c(c)(1)-(5); 416.920c(c)(1)-(5).

8      Supportability and consistency are the "most important" factors, and the ALJ

9  must articulate how she considered those factors in determining the persuasiveness

10  of each medical opinion or prior administrative medical finding.  20 C.F.R. §§

11  404.1520c(b)(2); 416.920c(b)(2).  With respect to these two factors, the regulations

12  provide that an opinion is more persuasive in relation to how "relevant the objective

13  medical evidence and supporting explanations presented" and how "consistent" with

14  evidence from other sources the medical opinion is.  20 C.F.R. §§ 404.1520c(c)(1);

15  416.920c(c)(1).  The ALJ may explain how she considered the other factors, but is

16  not required to do so, except in cases where two or more opinions are equally well-

17  supported and consistent with the record.  20 C.F.R. §§ 404.1520c(b)(2), (3);

18  416.920c(b)(2), (3).  Courts also must continue to consider whether the ALJ's

19  finding is supported by substantial evidence.  *See* 42 U.S.C. § 405(g) ("The findings

20

21

ORDER GRANTING PLAINTIFF'S BRIEF AND REMANDING FOR
ADDITIONAL PROCEEDINGS ~ 13

1    of the Commissioner of Social Security as to any fact, if supported by substantial

2    evidence, shall be conclusive . . . .").

3          Prior to revision of the regulations, the Ninth Circuit required an ALJ to

4    provide clear and convincing reasons to reject an uncontradicted treating or

5    examining physician's opinion and provide specific and legitimate reasons where the

6    record contains a contradictory opinion.  *See Revels v. Berryhill*, 874 F.3d 648, 654

7    (9th Cir. 2017).  However, the Ninth Circuit has held that the Social Security

8    regulations revised in March 2017 are "clearly irreconcilable with [past Ninth

9    Circuit] caselaw according special deference to the opinions of treating and

10   examining physicians on account of their relationship with the claimant."  *Woods v.*

11   *Kijakazi*, No. 21-35458, 2022 U.S. App. LEXIS 10977, at *14 (9th Cir. Apr. 22,

12   2022).  The Ninth Circuit continued that the "requirement that ALJs provide

13   'specific and legitimate reasons' for rejecting a treating or examining doctor's

14   opinion, which stems from the special weight given to such opinions, is likewise

15   incompatible with the revised regulations."  *Id*. at *15 (internal citation omitted).

16   Recently, the Ninth Circuit has further held that the updated regulations comply with

17   both the Social Security Act and the Administrative Procedure Act, despite not

18   requiring the ALJ to articulate how he or she accounts for the "examining

19   relationship" or "specialization factors."  *Cross v. O'Malley*, No. 23-35096, 2024

20   U.S. App. LEXIS 302 at *7–12 (9th Cir. Jan. 5, 2024).

21

ORDER GRANTING PLAINTIFF'S BRIEF AND REMANDING FOR
ADDITIONAL PROCEEDINGS ~ 14

1    Accordingly, as Plaintiff's claim was filed after the new regulations took

2    effect, the Court refers to the standard and considerations set forth by the revised

3    rules for evaluating medical evidence.  *See* AR 50, 230, 248, and 257.

4                        **Opinions on DSHS Forms**

5    Plaintiff argues that the ALJ erroneously discounted all medical "opinions

6    rendered in connection" with Plaintiff's worker's compensation claim and from the

7    Washington State Department of Social and Health Services ("DSHS").  ECF No. 11

8    at 6–7.  Plaintiff submits that the regulations require the ALJ to "'consider all of the

9    supporting evidence underlying the other governmental agency or nongovernmental

10    entity's decision that we receive as evidence.'"  *Id.* at 7 (quoting 20 C.F.R. §

11    404.1504).  Plaintiff argues that the error was not harmless because the October

12    2018 opinions of Dr. Genthe, Occupational Therapist ("OT") Fraser, and Dr. Birger

13    express limitations that are disabling in light of the VE's testimony that a claimant

14    must be able to perform at least sedentary work and cannot be absent, leave early, or

15    arrive late more than 16 hours per month.  *Id.* at 7–8 (citing AR 65–66, 353–54,

16    361).

17    The Commissioner responds that the ALJ considered the DSHS evaluations in

18    making her decision in accordance with 20 C.F.R. § 404.1504 and thoroughly

19    discussed Plaintiff's treatment for her mental and physical health issues.  ECF No.

20    15 at 7.  The Commissioner contends that "Plaintiff fails to provide any specific

21

1    evidence that the ALJ did not consider all the relevant medical evidence, including

2    the DSHS evidence, when formulating Plaintiff's RFC or how that specific evidence

3    would have changed the decision." *Id.* at 7–8.

4         Plaintiff replies that 20 C.F.R. § 404.1504 pertains merely to other agencies'

5    determinations of disability, and the ALJ discounted medical opinions about what

6    Plaintiff can do despite her impairments because the opinions were on other agency

7    forms.  ECF No. 16 at 3.  Plaintiff contends that 20 C.F.R. § 404.1520c(b) requires

8    an ALJ to consider all medical opinions and discuss how persuasive the ALJ found

9    them, addressing at a minimum the factors of supportability and consistency.  *Id.*

10         Dr. Genthe completed a DSHS Psychological/Psychiatric Evaluation form for

11    Plaintiff on October 1, 2018.  AR 351–58.  Among other assessments, Dr. Genthe

12    opined that Plaintiff had a "guarded prognosis" because she "is unlikely to function

13    adequately, and/or consistently[,] in a work setting until her psychological symptoms

14    have been managed more effectively," and that "9-12 months may likely be needed

15    to address her treatment needs at least moderately well, and help her regain the

16    necessary emotional functioning to resume fulltime work related activities."  AR

17    354.

18         OT Fraser opined on a DSHS form on October 24, 2018, that Plaintiff was

19    permanently unable to meet the demands of sedentary work.  AR 361. OT Fraser's

20    examination of Plaintiff on the same day found, among other things, that Plaintiff

21

1    was unable to lift any weight from the floor, and could sustain standing, walking,

2    pushing, pulling, and stooping for a maximum of ten minutes, and sitting for only

3    11-20 minutes.  AR 362–65.

4         Dr. Birger completed a DSHS Physical Functional Evaluation form for

5    Plaintiff on October 31, 2018, and opined that Plaintiff's diagnoses affected various

6    work activities from mild to severe degrees and that Plaintiff's capacity to work as a

7    whole was "severely limited," making her permanently unable to meet the demands

8    of sedentary work.  AR 491–92.

9         ALJ Watson discounted all "opinions rendered in connection with the

10   claimant's workers' compensation claim and from [DSHS] for evaluation of

11   eligibility for public assistance" as "inherently invaluable or persuasive."  AR 27.

12   The ALJ reasoned that under 20 C.F.R. § 416.904, the Social Security

13   Administration is not bound by determinations in workers' compensation and social

14   services adjudications, which use "different programmatic rules."  AR 27.

15        The ALJ's reasoning and the Commissioner's argument rely on a rule that

16   provides that an ALJ will not analyze "a decision made by any other governmental

17   agency or a nongovernmental entity" about whether Plaintiff is disabled or entitled

18   to benefits.  ECF No. 15 at 6; AR 27; 20 C.F.R. § 404.1504.  However, the ALJ and

19   the Commissioner overlook that the same rule provides that the ALJ "will consider

20   all of the supporting evidence underlying the other governmental agency or

21

ORDER GRANTING PLAINTIFF'S BRIEF AND REMANDING FOR
ADDITIONAL PROCEEDINGS ~ 17

1  nongovernmental entity's decision."  20 C.F.R. § 404.1504.  It is undisputed that the

2  2018 opinions from Dr. Genthe, OT Fraser, and Dr. Birger at issue were not

3  decisions made by any governmental agency or non-governmental entity and instead

4  are the evidence relating to that decision.  Therefore, the ALJ's reasoning does not

5  pertain to the opinions that she discounted, and there is no analysis in the ALJ's

6  decision demonstrating that the ALJ considered, at a minimum, the supportability

7  and consistency of these opinions, as she was required to do.  *See* 20 C.F.R. §

8  404.1520c(c)(1)-(5).  Had the ALJ found these opinions persuasive, she may have

9  formulated the RFC differently.  *See Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d

10  1050, 1055 (9th Cir. 2006) (holding that an error is harmless only if it is

11  "inconsequential" to the ALJ's "ultimate nondisability determination").

12       Plaintiff further argues that the ALJ erroneously discounted or ignored a 2015

13  opinion and other 2018 opinions by Dr. Birger and erroneously found persuasive a

14  2018 opinion by Gordon Hale, MD.  *See* ECF No. 11 at 10–11.  However, having

15  already found reversible error in the ALJ's assessment of medical source opinions

16  and a need to remand for further consideration of the medical opinion evidence, the

17  Court proceeds no further on this issue.

18  / / /

19  / / /

20  / / /

21

ORDER GRANTING PLAINTIFF'S BRIEF AND REMANDING FOR
ADDITIONAL PROCEEDINGS ~ 18

1            ***Treatment of Psoriasis and Fibromyalgia***

2            Although the Court already found reversible error and identified the

3    appropriate remedy, the Court further notes that Plaintiff demonstrates another

4    apparent error by the ALJ in her failure to mention either psoriasis or fibromyalgia

5    anywhere in her decision.  AR 15–30; *see* ECF Nos. 11 at 13–15; 16 at 7–9.

6            At step two in the sequential evaluation process, the ALJ must consider the

7    severity of a claimant's impairments.  20 C.F.R. § 404.1520(a)(4)(ii); *see Buck v.*

8    *Berryhill*, 869 F.3d 1040, 1048 (9th Cir. 2017).  If a claim proceeds to step three, the

9    ALJ determines whether a claimant's impairments meets or medically equals a listed

10   impairment.  *See* 20 C.F.R. § 404.1520(a)(4)(iii), (d).  An ALJ must consider all

11   evidence in the case record of an impairment and must consider a claimant's

12   impairments in combination.  *See Lester v. Chater*, 81 F.3d 821, 829 (9th Cir. 1995).

13           Plaintiff cites to medical records indicating that she presented with psoriasis

14   during the alleged closed period.  AR 547, 577, and 579.  Dr. Birger opined that

15   Plaintiff's psoriasis required her to avoid skin irritants and limit her use of gloves.

16   AR 491.  The Commissioner responds that the evidence that Plaintiff cites does not

17   show that Plaintiff's psoriasis was a severe impairment or that she has significant

18   functional limitations flowing from this impairment.  ECF No. 15 at 13.

19           Regarding fibromyalgia, the Ninth Circuit requires ALJs to construe the

20   medical evidence "in light of fibromyalgia's unique symptoms and diagnostic

21

ORDER GRANTING PLAINTIFF'S BRIEF AND REMANDING FOR
ADDITIONAL PROCEEDINGS ~ 19

1    methods, as described in SSR 12-2p, 2012 SSR LEXIS 1 and *Benecke* [*v. Barnhart*,

2    379 F.3d 587 (9th Cir. 2004)]." *Revels v. Berryhill*, 874 F.3d 648, 662 (9th Cir.

3    2017).  Ruling 12-2p recognizes fibromyalgia as a medically determinable

4    impairment when a claimant "has all three of: (1) '[a] history of widespread pain—

5    that is, pain in all quadrants of the body (the right and left sides of the body, both

6    above and below the waist) and axial skeletal pain (the cervical spine, anterior chest,

7    thoracic spine, or low back)—that has persisted (or that persisted) for at least 3

8    months'; (2) '[a]t least 11 positive tender points on physical examination . . . found

9    bilaterally . . . and both above and below the waist'; and (3) '[e]vidence that other

10   disorders that could cause the symptoms or signs were excluded.'"  *Brown v.*

11   *Comm'r of Soc. Sec.*, Case No. 1:20-cv-721-SAB, 2021 U.S. Dist. LEXIS 170544,

12   *26-27 (E.D. Cal. Sept. 8, 2021) (quoting SSR 12-2p).  Plaintiff cites to medical

13   records from within the alleged closed period in which Plaintiff presented with "hurt

14   in a classic fibromyalgia distribution" and over eleven tender points, and in which a

15   rheumatologist concluded that "most of her symptoms are related to fibromyalgia,"

16   with normal labs and xrays to rule out other disorders.  AR 525–26, 575–77.  Given

17   these records that may satisfy the criteria of SSR 12-2p, the ALJ's failure to address

18   fibromyalgia in her evaluation is not supported by substantial evidence.

19           The Commissioner's assertions simply that ALJ reasonably found that

20   Plaintiff did not fulfill her burden of showing significant functional limitations

21

ORDER GRANTING PLAINTIFF'S BRIEF AND REMANDING FOR
ADDITIONAL PROCEEDINGS ~ 20

flowing from fibromyalgia and psoriasis are unavailing. *See* ECF No. 15 at 13. Without any mention of these two impairments by the ALJ, much less any analysis at any step in the sequential equation, the Court cannot determine that the ALJ's considered these impairments in isolation or in conjunction with Plaintiff's other impairments, or that the ALJ's error was harmless. The Court finds that remand is the appropriate remedy for this error, as well as for the erroneous evaluation of medical opinion evidence. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 495-96 (9th Cir. 2015) (finding that remand was proper because although the ALJ committed legal error, further administrative proceedings were useful because questions existed about the extent to which the claimant's symptoms rendered her disabled).

Having already found reversible error in the evaluation of medical opinion evidence and in the failure to consider psoriasis and fibromyalgia, the Court need not address the remaining issue raised by Plaintiff's brief. As there are issues that still must be resolved on remand, and Plaintiff agrees that remand is the appropriate remedy, the Court follows the default course of remanding to the agency for additional consideration. *See* ECF No. 16 at 11; *Benecke*, 379 F.3d at 595.

**CONCLUSION**

Having reviewed the record and the ALJ's findings, this Court concludes that the ALJ's decision contains harmful legal error. Accordingly, **IT IS HEREBY ORDERED**:

ORDER GRANTING PLAINTIFF'S BRIEF AND REMANDING FOR ADDITIONAL PROCEEDINGS ~ 21

1     1.       Plaintiff's Brief, **ECF No. 11**, is **GRANTED**.

2     2.       Defendant the Commissioner's Brief, **ECF No. 15**, is **DENIED**.

3     3.       The decision of the Commissioner is **REVERSED**, and this matter is

4                 **REMANDED**, pursuant to sentence four of 42 U.S.C. § 405(g), for

5                 further proceedings consistent with this Order.

6     4.       Judgment shall be entered for Plaintiff.

7     5.       The District Court Clerk shall amend the docket in this matter to

8                 substitute Martin O'Malley as the Commissioner of the Social Security

9                 Administration.

10       **IT IS SO ORDERED**.  The District Court Clerk is directed to enter this

11   Order, enter judgment as directed, provide copies to counsel, and **close the file** in

12   this case.

13       **DATED** February 7, 2024.

14

15                     *s/ Rosanna Malouf Peterson*

                         ROSANNA MALOUF PETERSON

16                     Senior United States District Judge

17

18

19

20

21